UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,

    Plaintiff,

  v.

MARK MARTIN,

    Defendant.

Case No. 1:24-cv-77

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Plaintiff Daniel Bronson, proceeding pro se, may well have a claim against Defendant Mark Martin, but it is impossible to determine based on the conclusory, four-sentence description of his claim that his Complaint provides. As a result, and for the reasons explained more fully below, the Court **GRANTS** Defendant Mark Martin's Motion to Dismiss (Doc. 20) and **DISMISSES WITHOUT PREJUDICE** Bronson's Complaint. (Doc. 4). But because the dismissal is without prejudice, and as Bronson is proceeding pro se, the Court **GRANTS** Bronson thirty days to seek leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2) addressing the deficiencies described below and attaching that proposed amended complaint.

## BACKGROUND

On February 20, 2024, Bronson filed a motion seeking leave to proceed in forma pauperis (IFP), (Doc. 1), accompanied by a pro se Complaint naming Martin, an officer of the Springdale Police Department, as the sole Defendant. The Complaint is sparse—it describes the alleged events in four sentences. (*See* Doc. 4, #20). To start,

it asserts that on December 15, 2023, Officer Martin "stop[p]ed … Bronson and arrested and detained [him] for no reason at all." (*Id.*). It further alleges that Martin then searched Bronson's personal effects, including going through his pockets. (*Id.*). But, finding no evidence of criminal activity, Martin released Bronson. (*Id.*). All this, Bronson claims, violates his Fourth Amendment rights and he seeks $50,000 in damages. (*Id.* at #20–21). Though discovery has not yet commenced, Bronson also filed a video with the Court.[1] (Doc. 8).

On March 18, 2024, the Magistrate Judge assigned to this matter granted Bronson leave to proceed IFP, (Doc. 3). At the same time, she performed an initial screening of his Complaint. *See* 28 U.S.C. § 1915(e). Concluding that it survived that initial screening, she ordered the Complaint to be filed on the docket, (*see* Doc. 4), and instructed the Clerk to issue a summons for Martin, (*see* Doc. 5). The Magistrate Judge further ordered the United States Marshals to effect service on Martin by certified mail. (Doc. 3, #17). The docket reflects that the summons was delivered on April 29, 2024, to the address Bronson specified. (Doc. 9). But the signature of the person who signed for it is illegible, and there is no printed version of the name. (*See id.* at #30, 32).

Based on that service date, Martin's deadline to answer or otherwise plead was May 20, 2024. But that date came and went with no answer. So roughly a week later, on May 28, 2024, Bronson filed a motion captioned "Motion for Default Judgement."

---

[1] Bronson did not serve this video on the other side, (*see* Doc. 20, #91), and the Magistrate Judge found that if Bronson was attempting to amend his Complaint with the video, the attempt was improper, (Doc. 19, #85 n.1). The Court agrees.

2

(Doc. 10). In that document, he "mov[ed] this Court to file a motion for Default Judgement against the Defendant." (*Id.* at #33). He also attached an affidavit explaining that Martin's answer was due on May 20, 2024, and demanding judgment in the amount of "$50,000.00 in United States currency." (*Id.* at #34).

That spurred a response from Martin. A day later, Martin sought leave to file a motion to dismiss out of time, (Doc. 12), attaching the proposed motion, (Doc. 12-1). In his motion for leave, Martin noted that the service address Bronson specified was not Martin's residence; instead, it was the address "associated with the City of Springdale police department"—Martin's employer. (Doc. 12, #41 (cleaned up)). The motion then explained that the materials had to wend their way through various administrative channels, and then to the city's insurer, before ultimately ending up on an attorney's desk on the afternoon of May 24, 2024 (the Friday before Memorial Day). (*Id.* at #41–42). The attorney filed the motion on May 29, 2024, two days after Memorial Day, and a day after Bronson moved for default judgment.

Bronson opposed Martin's motion for leave. (Doc. 13). He claimed that Martin was "significantly late and should be time-barred from filing anything." (*Id.* at #66). Other than that, though, Bronson primarily argued the merits of his case. (*Id.* at #66–67).[2]

The Magistrate Judge granted Martin's motion for leave and denied Bronson's motion for default judgment, noting that the latter was improper in any event because Bronson never applied for an entry of default under Federal Rule of Civil Procedure

---

[2] After Martin replied, Bronson filed a "Notice of Settlement Proposal Letter" on the docket which essentially made a settlement demand of Martin in the amount of $25,000. (Doc. 15).

3

55(a). (Doc. 19, #87–88). Then, on September 12, 2024, Martin filed his motion to dismiss (Doc. 20), Bronson responded a few days later (Doc. 21), and Martin replied (Doc. 22). So that motion is ripe for the Court's review.

The Court mentions one detour before undertaking that review. Some months after the motion presently before the Court became ripe, on April 4, 2025, Bronson filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 29). In it, Bronson requested injunctive relief because he claimed he was "consistently being watched and harassed by the defendant and its employees, successors, and agents, of the defendant work department." (*Id.* at #125). He broadly stated that the "defendant" consistently stops him, goes through his personal property "when they see [him]," and unlawfully monitors and stalks him. (*Id.* at #125–26). Given that Bronson was requesting a TRO, the Court immediately held a telephone conference on the motion. And during that conference, Bronson admitted what his motion had also made clear—he was seeking injunctive relief against non-parties to the case. (*See* 4/9/25 Min. Order). As a result, the Court denied Bronson's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 29). With that out of the way, the Court now turns to Defendant Martin's motion to dismiss.

## LEGAL STANDARD

Courts are myopic by design at the motion to dismiss stage—the focus is the complaint, and the inquiry goes solely to plausibility. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular*

4

*Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But that grace extends only so far. The Court cannot accept "naked assertions," legal conclusions, or "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Put differently, a complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory," but "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010) (citations omitted).

Bronson is proceeding also pro se, which means the Court construes his Complaint liberally and that it is subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But even so, pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

## LAW AND ANALYSIS

Martin argues that the Court should dismiss Bronson's Complaint for two reasons: (1) the Complaint fails to plausibly allege a Fourth Amendment violation occurred; (2) qualified immunity shields Martin. (*See* Doc. 20, #92–96). The Court agrees with the former, and so concludes it need not address the latter.

Bronson claims that his interaction with Defendant Martin on December 15, 2023, constituted "a direct violation" of his Fourth Amendment rights. (Doc. 4, #20). But he doesn't say much about how or why. The Fourth Amendment protects many distinct rights. Is he alleging an unlawful arrest, an unlawful seizure, use of excessive force, or that an unlawful search occurred? Bronson provides scant facts in his Complaint, which prevents the Court from inferring what potential claims he may have. Here's what the Court can glean from it: (1) he had an interaction with Officer Martin on December 15, 2023; (2) Bronson thinks there was "no reason at all" for the interaction; (3) during that interaction Officer Martin searched Martin's personal belongings and his pockets; (4) Officer Martin released Bronson after the interaction. (*See id.*).

Based on these few facts, Martin guesses that Bronson is asserting unlawful arrest and unlawful search claims. (Doc. 20, #92–94). The Court agrees these are *possible* claims that could arise from the few facts that Bronson alleges. The problem for Bronson, though, is that he has not *plausibly* alleged either one (or any other Fourth Amendment claim, for that matter).

"To prevail on a false arrest or false imprisonment claim, a plaintiff must show that he was arrested without probable cause." *Rice v. Jones*, No. 23-3972, 2023 WL

6

8369996, at *2 (6th Cir. June 23, 2023). The same generally goes for unlawful search claims. *See, e.g.*, *United States v. Peake-Wright*, 126 F.4th 432, 438–39 (6th Cir. 2025). And probable cause determinations, for their part, are based on the totality of the circumstances. *Courtright v. City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016). As a result, plausibly alleging a lack of probable cause requires a plaintiff to plead facts about the circumstances of the interaction, so the Court can evaluate the objective facts known to the police officer at the time of the arrest or the search. *Id.*; *Peake-Wright*, 126 F.4th at 439; *see also White v. Neil*, No. 1:22-cv-12941, 2022 WL 18216067, at *2 (E.D. Mich. Dec. 15, 2022) (explaining that "without discussing the facts known to [the police officer], [Plaintiff] cannot plausibly allege that [the officer] arrested him without probable cause"), *report and recommendation adopted*, No. 1:22-cv-12941, 2023 WL 149036 (E.D. Mich. Jan. 10, 2023). Here Bronson provides no such context for his interaction with Officer Martin to suggest that probable cause was in fact absent.

More fundamentally, under the *Twombly/Iqbal* plausibility pleading standard, the Court does not consider conclusory allegations or legal conclusions. That in turn means that a plaintiff's "conclusory allegation that [a police officer] lacked probable cause to detain [him] is insufficient to state a plausible claim for relief under the Fourth Amendment." *Muncy v. Muncy*, No. 5:24-272, 2025 WL 992683, at *5 (E.D. Ky. Apr. 2, 2025). But that is all Bronson provides here—he says "Martin … arrested and detained [him] for no reason at all." (Doc. 4, #20). Substitute "lacked probable

7

cause" in place of "for no reason at all" and it is a textbook legal conclusion. That does not cut it.

Without additional context, and stripping Bronson's conclusory allegations from his Complaint, the sole facts that remain are that Officer Martin went through Bronson's personal belongings and pockets on December 15, 2023, and that afterward Officer Martin let Bronson go. (*See* Doc. 4, #20). That simply is not enough. Absent further details, the Court concludes that Bronson's Complaint fails to "state a claim to relief" under the Fourth Amendment "that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, the Court grants Martin's Motion to Dismiss (Doc. 20).

That said, these pleading defects might be curable. Thus the Court will dismiss Bronson's Complaint (Doc. 4) without prejudice. And, consistent with that, the Court will allow Bronson thirty days (through May 19, 2025) to seek leave to file an amended complaint addressing the deficiencies the Court identified above.

Should Bronson elect to do so, the Court further advises him that, throughout this case, he has attempted to add new facts for the Court's consideration in an inappropriate manner. For example, long after filing his Complaint, he submitted a video and requested the Court to "attach this video filing amongst [sic] my current case." (Doc. 8, #29; Doc. 19, #85 n.1). Bronson also set forth new facts in his response to the motion to dismiss (e.g., allegations that Martin placed handcuffs on him), (Doc. 21, #99); and an affidavit he filed does the same (e.g., allegations that Martin placed Bronson "in the back of his patrol car" and broke Bronson's watch), (Doc. 23, #108). If Bronson wishes to pursue his Fourth Amendment claim, these details, and any others

8

he has regarding his interaction with Martin, should be included in the factual allegations set forth in his amended complaint, not presented in random filings he makes on the docket.

Finally, the Court notes that Martin also raised a qualified immunity defense. (Doc. 20, #94–96). Bronson counters that this defense does not apply because Martin allegedly violated his constitutional rights. (Doc. 21, #100–01). Whatever the respective merits of those arguments, though, the Court declines to reach the issue. Because the Court is granting Martin's motion to dismiss, the question of qualified immunity is moot. *See Nyce v. Jones*, No. 2:19-cv-13, 2019 WL 2437678, at *11 (S.D. Ohio June 11, 2019).

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendant Martin's Motion to Dismiss (Doc. 20) and **DISMISSES WITHOUT PREJUDICE** Bronson's Complaint (Doc. 4). Further, the Court **GRANTS** Bronson thirty days (until May 19, 2025) to seek leave to file an amended complaint under Rule 15(a)(2) addressing the deficiencies set forth above and attaching that proposed amended complaint. During that time, this Court retains jurisdiction over this action.

**SO ORDERED.**

April 17, 2025
 **DATE**  	 **DOUGLAS R. COLE**
	 **UNITED STATES DISTRICT JUDGE**